UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LESLIE J. HOWARD,

                                Plaintiff,                **REPORT AND RECOMMENDATION**

    -against-

                                                           CV 05-1668 (ENV)(ARL)

SENIOR P.O. CONTINO, et al.,

                                Defendants.
------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       On April 1, 2005, the plaintiff, Leslie J. Howard ("Howard") commenced this § 1983 action for excessive force. Howard alleges that during the execution of an arrest warrant for a parole violation, the defendants entered his house without knocking, threw his girlfriend's father off the couch, put a gun to his head, choked him, dragged him out of the bathroom, didn't let him dress before removing him from the house, and handcuffed him too tightly causing him bodily injury. *See* 7/27/07 Decision and Order at 1-2. Howard immediately sought, and was granted, leave to proceed in forma pauperis. In January 2006, the summons and complaint was served by the U.S. Marshall's Office and the defendants responded by moving to dismiss on October 6, 2006. In July 2007, District Judge Vitaliano denied the motion to dismiss and referred the matter to the Magistrate Orenstein, who had been assigned to the case, to enter a discovery schedule.

       Magistrate Orenstein scheduled an initial conference in December, but Howard failed to appear. The case was then reassigned to the undersigned. Upon receipt of the notice of reassignment, Howard filed a motion for the appointment of counsel. The undersigned immediately issued an order directing that the parties appear for a telephone conference to address the pending motion. Because Howard had failed to appear at the conference scheduled

before Judge Orenstein, Howard was warned that his failure to participate in the conference could result in a recommendation that the case be dismissed. The court learned that Howard, who had been incarcerated when the complaint was filed, was released from jail and was residing in Altoona, Pennsylvania. An additional copy of the court's order was mailed to Howard at his Altoona address despite Howard's failure to notify the court of the change.

On May 14, 2008, Howard participated in a telephone conference with the court and following the conference, the court granted his application for the appointment of counsel. Between May 2008 and April 2009, the court's *pro se* office made numerous attempts to obtain counsel for the plaintiff. However, those attempts were thwarted by Howard's failure to keep the court informed about his whereabouts or to return calls to potential counsel. Howard was warned by the court that his failure to maintain a current address with the court, or to return the phone calls of either the court, the *pro se* office or potential counsel would lead to a recommendation that this case be dismissed. Finally, after almost 4 years of delay caused principally by Howard's failure to remain in contact with the court, and as a result of the continued efforts of the *pro se* office, O'Melveny and Myers, LLP agreed to represent the plaintiff.

Counsel for the plaintiff immediately began the discovery process, which had been stayed until that point. Unfortunately, Howard again failed to communicate with his appointed counsel. In fact, until the telephone conference held on May 4, 2010, Howard had failed to contact his attorneys since March 30, 2010, despite their many efforts to contact him both by phone and in writing. Counsel even went so far as to provide Howard with a toll free contact number to facilitate their communication. Counsel reports that they are simply unable to complete discovery despite the fact that the deadline has been extended twice because they

cannot even schedule the plaintiff's deposition. As such, counsel seeks leave to withdraw based on their inability to effectively represent the plaintiff.

Howard"s most recent explanation for failing to communicate with counsel is that he does not have a telephone and cannot walk to a phone. It is clear to the court that Howard is simply incapable of following through in the prosecution of this matter which has remained in limbo for over five years. It is the considered view of this court that Howard has been given ample opportunity to proceed with this action and that any further delay will prejudice the defendants in their defense of this action. Accordingly, the court recommends that counsel be permitted to withdraw and further that the case be dismissed for failure to prosecute. Federal Rule of Civil Procedure 41(b) provides a district court with "the authority to dismiss a plaintiff's case sua sponte for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Pursuant to the factors set forth in *LeSane* dismissal of this case is appropriate. Howard has not pursued this litigation despite the enormous efforts that have been made by the court and pro bono counsel to assist him in the process. Howard's refusal and inability to maintain contact with counsel and the court has caused this action to be stayed for five years resulting in prejudice to the defendants and a tax of the court's resources.

Counsel for the plaintiff is directed to serve a copy of this Report and Recommendation on Howard at his last-known address, and to file proof of serve with the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72;

*Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).


Dated: Central Islip, New York
      May 12, 2010


                                  _____/s/_____
                                  ARLENE ROSARIO LINDSAY
                                  United States Magistrate Judge